United States District Court
Southern District of Texas
**ENTERED**
January 29, 2019
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| RODRIGO MOSQUERA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-17-7 |
| | § | |
| DAMON HININGER, ET AL., | § | |
| Defendants. | § | |

<u>**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**</u>

Plaintiff Rodrigo Mosquera, proceeding <u>pro se</u>, currently has a civil rights complaint pending against Defendants Michael Sizemore, Fidencio Cacique, John Crenshaw, Francisco Montalvo, and Krystal Olivarez[1] ("Defendants") relating to his exposure to second-hand smoke while incarcerated at the Willacy County Jail. Dkt. No. 1.  Mosquera is no longer incarcerated. Dkt. No. 136.

In July 2017, Defendants requested discovery from Mosquera, in the form of interrogatories and requests for production. Dkt. No. 137.  Mosquera did not provide responses to all of the interrogatories or requests for production, despite being given two extensions of time to do so. Dkt. Nos. 134, 136.  On June 19, 2018, the Defendants filed a motion to compel Mosquera to file complete answers to the discovery. Dkt. No. 157.

Mosquera did not file a response to that motion, even after the Court issued a show cause order for him to show why the motion should not be considered unopposed. Dkt. No. 159.  On November 29, 2018, the Court granted the motion to compel as unopposed and ordered Mosquera to provide complete answers to the discovery no later than December 31, 2018. Dkt. No. 164.  Again, Mosquera failed to do so.

Pursuant to FED. R. CIV. P. 16(f)(1)(C) and FED. R. CIV. P. 37(b), the District Court

---

[1] There are also claims pending against Defendants Damon Hininger, Dale Wainwright, Orlando Perez, Erica L. Briones, Jacob Guerra, Paul Arguijo, Oscar Mendoza and Santos Lozano, but those claims are not affected by this Report and Recommendation. Dkt. No. 173.

1

has the authority to sua sponte issue sanctions for failing to engage in discovery. McGillivray v. Countrywide Home Loans, Inc., 360 F. App'x 533, 536 (5th Cir. 2010). After review of the record and the relevant caselaw, the Court believes that the most appropriate sanction in this case is dismissal of Mosquera's claim and a take-nothing judgment be issued against Mosquera for all claims made against Michael Sizemore, Fidencio Cacique, John Crenshaw, Francisco Montalvo, and Krystal Olivarez.

## I. Background

On January 18, 2017, Mosquera filed a civil rights complaint against 12 defendants Dkt. No. 1. The crux of his claim was that jail officials were knowingly permitting fellow inmates to smoke synthetic marihuana and that the resulting smoke caused Mosquera to suffer from headaches and anxiety. Id. On that same day, Mosquera filed a motion to proceed in forma pauperis. Dkt. No. 2.

On January 19, 2017, the Court issued a series of interrogatories for Mosquera to complete, so that he could show the factual basis for his claims. Dkt. No. 6 (citing Spears v. McCotter, 766 F.2d 179, 180 (5th Cir. 1985)). On March 9, 2017, Mosquera filed his answers to the interrogatories. Dkt. No. 23.

On March 10, 2017, the Court granted the motion to proceed in forma pauperis ("IFP") in part and denied it in part. Dkt. No. 24. As to the original complaint's claims against defendants Damon Hininger, Dale Wainwright, Orlando Perez, Erica L. Briones, and Jacob Guerra, the motion was denied, because Mosquera had alleged some form of supervisory liability against them, which is not permitted in § 1983 cases. Id. As to defendants Oscar Mendoza, Santos Lozano, Michael Sizemore, John Crenshaw, Fidencio Cacique, Crystal Olivarez, and Francisco Montalvo, the motion to proceed IFP was granted. Id.

On May 31, 2017, Mosquera filed a motion to amend his complaint, seeking to add certain claims. Dkt. No. 65. As relevant here, Mosquera sought to add claims against putative defendant Paul Arguijo for deliberate indifference as to violence perpetrated by

other inmates and deliberate indifference to Mosquera's serious medical needs as it related to the second hand smoke. Id.

In July 2017, Defendants Sizemore, Cacique, Crenshaw, Montalvo, and Olivarez propounded discovery on Mosquera, including interrogatories and requests for production. Dkt. No. 137.  As to Interrogatories 1, 5, 7, 11, and 15 as well as Request for Production 11, the Defendants have asserted that Mosquera's responses were insufficient because he refused to answer the questions. Id.

On September 28, 2017, the undersigned issued a report and recommendation, recommending that the motion to amend be granted as to claims made against Arguijo, but recommended denial of that same motion to amend as to all other claims.  Dkt. No.

On November 21, 2017, Defendants sent Mosquera a letter, demanding that he provide supplemental responses to the interrogatories and requests for production. Dkt. No. 137.

On January 3, 2018, the District Judge adopted the report and recommendation concerning the motion to amend. Dkt. No. 132.  The deliberate indifference claim as to Arguijo was permitted to move forward. Id.  As to the remaining defendants, and any other new claims, the motion to amend was denied. Id.

On January 12, 2018, Mosquera filed a motion for an extension of time to answer the interrogatories and requests for production propounded by the Defendants in July 2017. Dkt. No. 136.  In that motion, Mosquera also provided a new address for his legal mail, which was a Salvation Army homeless shelter in Austin, Texas. Id.

On January 25, 2018, the Court granted the motion and ordered Mosquera to supply his responses to Defendants no later than April 10, 2018. Dkt. No. 142.

On April 13, 2018, Defendants filed a motion to compel discovery, noting that Mosquera had not filed full responses to their interrogatories and requests for production. Dkt. No. 146.  On June 18, 2018, the Court denied the motion without prejudice, because the motion had been served on Mosquera at a prior address, rather than the Salvation Army shelter address. Dkt. No. 155.

3

On June 19, 2018, the Defendants re-filed their motion to compel discovery, sending it to Mosquera's last known address – the Salvation Army shelter. Dkt. No. 157.

On July 16, 2018, the Court ordered Mosquera to show cause, no later than July 31, 2018, as to why the Court should not consider the motion to compel to be unopposed. Dkt. No. 159. This order was sent to Mosquera's last known address. Dkt. No. 163. Mosquera did not file a response to this order.

Then, on November 29, 2018, the Court granted the motion to compel discovery as unopposed. Dkt. No. 164. Mosquera was ordered to "supply full and complete answers" to the interrogatories and requests for production no later than December 31, 2018. Id. Pursuant to FED. R. CIV. P. 37(a)(5), Mosquera was ordered to pay to Sizemore, Cacique, Crenshaw, Montalvo, and Olivarez the "reasonable expenses incurred in making the motion, including attorney's fees." Id. The order noted that the Court would consider lifting this sanction if Mosquera timely supplied his responses to the Defendants and showed the Court that he had good cause for not timely filing a response to the show cause order. Id.

In the order, Mosquera was warned that if he did not timely provide the responses to the interrogatories and request for production, the Court would recommend, pursuant to FED. R. CIV. P. 37(b)(2)(A)(vi), that his complaint be dismissed as a sanction for not participating in discovery and violating Court orders. Id.

The order was sent, via FedEx, to Mosquera's last known address at the Salvation Army shelter; it was returned as unclaimed on January 8, 2019. Dkt. No. 157.

As of today's date, Mosquera has not provided responses to the discovery or in any way responded to the Court's orders.

On December 31, 2018, the Defendants filed a brief, outlining that they incurred $180 in attorneys fees in making the motion to compel. Dkt. No. 166. On January 28, 2019, the Court ordered Mosquera to pay the Defendants $180, no later than February 28, 2019, for attorneys fees incurred in making the motion to compel. Mosquera was warned that failure to pay this sanction may result in an order prohibiting Mosquera from proceeding in forma pauperis in any case in this district until the sanction has been satisfied. Id.

4

## II. Applicable Law

### A. Address

"A lawyer or pro se litigant is responsible for keeping the clerk advised in writing" of their address. S.D. TEX. R. 83.4. The Court will only send notices to the last known address. Id.

"Proof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed." Quilling v. Schonsky, 247 F. App'x 583, 587 (5th Cir. 2007) (quoting Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989)).

### B. Discovery Sanctions

If a party "fails to obey an order to provide or permit discovery," the Court has the authority to take certain actions, including: striking pleadings in whole or in part; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; and, rendering a default judgment against the disobedient party. FED. R. CIV. P. 37(b)(2)(A). "[A] primary purpose of Rule 37 sanctions is to deter future abuse of discovery." Smith & Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486, 490 (5th Cir. 2012) (quoting Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1542 (11th Cir. 1985)).

In determining when dismissal is appropriate, the Court must consider the following non-exclusive factors: (1) whether the failure to comply was the result of the litigant's willfulness or bad faith; (2) whether compliance cannot be substantially achieved with less drastic sanctions; (3) whether the opposing party's preparation for trial was "substantially prejudiced;"(4) whether the neglect is attributable to an attorney rather than a blameless client; (5) whether the failure to comply is "grounded in confusion or sincere misunderstanding of the court's orders." Yazdchi v. Am. Honda Fin. Corp., 217 F. App'x 299, 302 (5th Cir. 2007) (citing Prince v. Poulos, 876 F.2d 30, 32 (5th Cir. 1989)).

### III. Analysis

The Court is mindful that Mosquera is proceeding pro se and is entitled to some leniency as a result of that status. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, "pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

The Court also notes that Mosquera is aware of his continuing responsibility to update the Court of his address. See Dkt. No. 6 (order informing Mosquera that "pro se litigants are responsible for keeping the District Clerk's Office advised in writing of their current address" and that failure to do so may result in dismissal for want of prosecution). Furthermore, on four separate occasions, Mosquera has previously informed the Court of changes in his address. Dkt. Nos. 27, 34, 122, 136.  The motion to compel and associated orders were all sent to the last address that Mosquera previously gave the Court. See Dkt. Nos. 157, 159, 164 (all sent to the Salvation Army address identified by Mosquera in Dkt. No. 136).  Thus, the last address provided by Mosquera was clearly the address to which the motions and Court orders were to be sent.  Accordingly, the Court can presume that Mosquera received these documents. Quilling, 247 F. App'x at 587.

Mosquera has failed to provide the requested discovery, despite a Court order compelling him to do so.  For that reason, the Court must examine whether Mosquera's complaints against Sizemore, Cacique, Crenshaw, Montalvo, and Olivarez should be dismissed and a default take-nothing judgment be entered against Mosquera.

As previously noted, the Court must review five factors in determining whether dismissal sanctions are appropriate: (1) whether the failure to comply was the result of the litigant's willfulness or bad faith; (2) whether compliance cannot be substantially achieved with less drastic sanctions; (3) whether the opposing party's preparation for trial was "substantially prejudiced;"(4) whether the neglect is attributable to an attorney rather than a blameless client; (5) whether the failure to comply is "grounded in confusion or sincere misunderstanding of the court's orders." Yazdchi, 217 F. App'x at 302.  The Court will address each of these factors individually.

6

### A. Willfulness

The Court must first consider whether Mosquera's failure to comply with the Court orders is willful or the result of mere negligence. "Willfulness can . . . be evidenced by a repeated failure to provide anything other than generalized or non-responsive answers in response to specific requests for compliance by the court." Bell v. Texaco, Inc., 493 F. App'x 587, 593 (5th Cir. 2012). In this case, when Mosquera did not file a response to the motion to compel, the Court afforded him another opportunity to respond by ordering him to show cause as "to why the Court should not consider the motion to compel to be unopposed." Dkt. No. 159.

When Mosquera still did not file a response, the Court granted the motion to compel and ordered that Mosquera pay the defendant's attorney's fees related to prosecuting the motion to compel. Dkt. No. 164. Even then, the Court stated that it would "consider lifting this sanction if Mosquera timely supplies his responses to the Defendants and shows the Court that he had good cause for not timely filing a response to the show cause order." Id. The Court also warned Mosquera that failure to do so may result in his complaint being dismissed as a discovery sanction. Id.

When a party repeatedly fails to comply with court-ordered discovery and continues to do so after being warned of the consequences of his failures, the decision not to engage in discovery can be considered willful. U.S. v. Real Prop. Known As 200 Acres of Land Near FM 2686 Rio Grande City, Tex., 773 F.3d 654, 660 (5th Cir. 2014). Accordingly, the first factor weighs in favor of dismissal of the complaint.

### B. Less Drastic Means

Another important factor is whether compliance can be achieved through less drastic means. In this case, less drastic measures have been attempted with no resulting change in Mosquera's behavior.

Initially, the Court ordered Mosquera to show cause why the Defendants's motion to compel should not be considered unopposed. Dkt. No. 159. Given that Mosquera had not

responded to the motion to compel, this order was designed to bring about compliance in the event that Mosquera had forgotten about the motion or was otherwise negligent in responding.

The Court then ordered Mosquera to provide his discovery responses and sanctioned him by ordering him to pay the Defendants's attorney's fees and other expenses associated with prosecuting the motion to compel. Dkt. No. 164.  As previously noted, the Court allowed Mosquera the latitude to avoid the sanctions, if he could proffer an explanation for why he did not timely respond to the motion. Id.  This was a lesser sanction designed to bring Mosquera into compliance.  It was unsuccessful.  The Court also warned Mosquera that dismissal was a possible sanction if he did not provide the discovery responses; this warning was also designed as a lesser sanction to avoid an actual dismissal.  It too was unsuccessful.

When the Court imposes monetary sanctions and warns the litigants that further failures to comply will result in dismissal, and these sanctions have "no apparent effect" on behavior, then the Court can safely assume that less drastic sanctions would not provoke compliance. Bell, 493 F. App'x at 593; KeyBank Nat. Ass'n v. Perkins Rowe Assocs., L.L.C., 539 F. App'x 414, 419 (5th Cir. 2013).  This factor also weighs in favor of dismissal.

### C. Substantial Prejudice

The Court must also consider whether the opposing party's preparation for trial was "substantially prejudiced" by the failure to comply.  In this case, the Defendants suffered such prejudice.

Among the discovery items to which Mosquera failed to respond was a request for production of a HIPAA release, so that the Defendants could access Mosquera's medical records. Dkt. No. 157.  Mosquera's complaint revolves entirely around the health consequences he allegedly suffered, as a result of repeated exposure to smoke from synthetic marijuana.  Access to Mosquera's medical records would be paramount for the Defendants to prepare a defense for trial or even a motion for summary judgment.  Thus, the failure to respond to such a request clearly prejudiced the Defendants and weighs in favor of dismissal.

8

### D. Attributable

The next factor is whether the conduct is attributable to an attorney rather than a blameless client. This consideration is not a factor in this case.

Because Mosquera is proceeding pro se, his conduct is solely attributable to him. Sandres v. Louisiana Div. of Admin., 551 F. App'x 95, 99 (5th Cir. 2013); Paskauskiene v. Alcor Petrolab, L.L.P., 527 F. App'x 329, 334 (5th Cir. 2013). Accordingly, this factor also weighs in favor of dismissal.

### E. Confusion or Misunderstanding

The final factor is whether the failure to comply is "grounded in confusion or sincere misunderstanding of the court's orders." Yazdchi, 217 F. App'x at 302.

Under the facts of this case, it is very difficult to believe that Mosquera's failure to respond is the result of confusion. This is not an instance where Mosquera filed an insufficient response to the discovery as a result of confusion and his pro se status. See United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979) (client who had "an eighth grade education and who was faced with a difficult legal issue" misunderstood lawyer's advice about answering deposition questions). Rather, Mosquera repeatedly failed to make any attempt to provide responses.

The Court ordered Mosquera to provide those responses in language not easily susceptible to confusion. See Dkt. No. 164 ("Plaintiff Rodrigo Mosquera shall supply full and complete answers to Interrogatories 1, 5, 7, 11, 15 and Request for Production 11 to the Defendants no later than December 31, 2018."). Mosquera's conduct is not the result of good-faith confusions or misunderstandings. As with the others, this factor also favors dismissal of the complaint against the relevant defendants.

### F. Conclusion

All of the identified factors in this case weigh in favor of dismissal. Mosquera's conduct is willful; less drastic measures have proven unsuccessful; the opposing parties have been substantially prejudiced by his conduct; Mosquera is solely responsible for his conduct;

and, his conduct has not been based upon confusion or a misunderstanding of the Court's orders. Dismissal of Mosquera's claims and a judgment entered in favor of the defendants is warranted in this case.

## IV. Recommendation

It is recommended that Plaintiff Rodrigo Mosquera's complaint against Defendants Michael Sizemore, Fidencio Cacique, John Crenshaw, Francisco Montalvo, and Krystal Olivarez be dismissed for failure to comply with discovery, pursuant to Fed. R. Civ. P. 37(b).

Furthermore, it recommended that the Court issue a take-nothing judgment against Mosquera as to any claims made against Sizemore, Cacique, Crenshaw, Montalvo, and Olivarez.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Fernando Rodriguez, Jr., United States District Judge. 28 U.S.C. § 636(b)(1). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on January 29, 2019.

_____
Ronald G. Morgan
United States Magistrate Judge