United States District Court
Southern District of Texas
**ENTERED**
January 31, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RODRIGO MOSQUERA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-17-7 |
| | § | |
| DAMON HININGER, ET AL., | § | |
|     Defendants. | § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 18, 2017, Plaintiff Rodrigo Mosquera filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, against 12 defendants. Dkt. No. 1. The crux of his claim was that jail officials were knowingly permitting fellow inmates to smoke synthetic marihuana and that the resulting smoke caused Mosquera to suffer from headaches and anxiety. Id.

Mosquera was a prisoner at the time that he filed the complaint. Dkt. No. 1. Pursuant to the Prisoner Litigation Reform Act, the Court has the authority to dismiss a claim made by a prisoner, if it fails to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(1).

After reviewing the record and the relevant case law, the Court recommends that all claims against Defendants Damon Hininger, Dale Wainwright, Orlando Perez, Erica L. Briones, and Jacob Guerra be dismissed for failure to state a claim upon which relief can be granted.[1]

---

[1] There are also claims pending against Defendants Michael Sizemore, Fidencio Cacique, John Crenshaw, Francisco Montalvo, Krystal Olivarez, Paul Arguijo, Oscar Mendoza and Santos Lozano. See Dkt. Nos. 173 (Sizemore, Cacique, Crenshaw, Montalvo, Olivarez) & 175 (Arguijo, Mendoza, Lozano). The claims against those defendants are not affected by this Report and Recommendation.

1

**I. Background**

    **A. Factual Background**

This factual background has been condensed to address only the currently relevant issues. Mosquera is a state prisoner whose complaint revolves around his purported exposure to secondhand smoke from artificial marijuana (also known as "K2" or "spice"), while incarcerated at the Willacy County State Jail ("Willacy").

After reviewing Mosquera's complaint, the Court ordered him to complete interrogatories to further flesh out his claims. Dkt. No. 6. See Spears v. McCotter, 766 F.2d 179, 180 (5th Cir. 1985) (allowing requests for additional information). Mosquera completed the interrogatories. Dkt. No. 23. The factual background is taken both from the complaint and the interrogatory answers. See Taylor v. Vicky, 337 F. App'x 412, 415 (5th Cir. 2009) (interrogatory answers are akin to a more definite statement and become part of the complaint).

In the complaint, Damon Hininger is identified as a corporate officer for Corrections Corporation of America, which runs Willacy as a private contractor. Dkt. No. 1. Dale Wainwright is identified as the Chairman of the Texas Board of Criminal Justice. Id. Orlando Perez is identified as the Senior Warden at Willacy. Id. Erica L. Briones is identified as a Lieutenant in the chain of command at Willacy. Id. Jacob Guerra is identified as the Grievance Department manager. Id. Mosquera alleged that each of these defendants harmed him by permitting the use of K2 spice in his vicinity. Id.

As part of the interrogatories, the Court asked Mosquera if he had "spoken or written to" each of these defendants "directly regarding the secondhand smoke." Dkt. No. 6, pp. 3-6. As to Hininger, Wainwright, Perez, and Briones, Mosquera admitted that he had never spoken or written to them; as to Guerra, Mosquera admitted that he had never spoken to him, and that he had written to him only through the grievance process. Dkt. No. 23, pp. 5-7.

As to Hininger, Wainwright, Perez and Briones, it appears that Mosquera is attempting to hold them liable for the actions of their subordinates. Dkt. No. 23, pp. 5-7. As

2

to Guerra, it seems that Mosquera is attempting to hold him liable for purportedly failing to ensure that Mosquera's grievances were properly handled and responded to.

**B. Procedural History**

On January 18, 2017, Mosquera filed the instant complaint against the 12 defendants Dkt. No. 1. On that same day, Mosquera filed a motion to proceed in forma pauperis. Dkt. No. 2.

On January 19, 2017, the Court issued the aforementioned interrogatories for Mosquera to complete, so that he could show the factual basis for his claims. Dkt. No. 6. On March 9, 2017, Mosquera filed his answers to the interrogatories. Dkt. No. 23.

On March 10, 2017, the Court granted the motion to proceed in forma pauperis in part and denied it in part. Dkt. No. 24. As relevant here, the motion to proceed IFP against Hininger, Wainwright, Perez, Briones, and Guerra, was denied, because Mosquera had alleged some form of supervisory liability against them, which is not permitted in § 1983 cases. Id. The Court ordered Mosquera to pay the filing fee if he wished to proceed against those defendants. Id. The Court has discovered that denial of IFP and the order to pay the filing fee may be subject to question.[2] Having said that, this report and recommendation

---

[2] The Court notes that courts are divided as to a magistrate judge's authority to deny in forma pauperis status in cases where the litigants have not consented to the magistrate judge entering final judgment. Some courts have held that a magistrate judge does not have the authority to deny IFP, because denial is essentially dispositive of the claims, holding that it de facto deprives the litigant of the ability to pursue his case. Hunter v. Roventini, 617 F. App'x 225, 226 (4th Cir. 2015); Woods v. Dahlberg, 894 F.2d 187, 188 (6th Cir. 1990); Tripati v. Rison, 847 F.2d 548, 549 (9th Cir. 1988), Lister v. Dep't of the Treasury, 408 F.3d 1309, 1311-12 (10th Cir. 2005); see also Donaldson v. Ducote, 373 F.3d 622, 624 (5th Cir. 2004) (implying that a magistrate judge lacks the authority to issue order denying IFP status on appeal, in absence of consent of litigants).

Other courts, however, have concluded that an IFP motion can be decided by the magistrate judge as a pretrial matter under 28 U.S.C. § 636(b)(1)(A) and that denials would be appealed to the district judge under FED. R. CIV. P. 72(a). Poche v. Butler, No. CIV.A. 07-3506, 2007 WL 2695350, at *1, n. 1 (E.D. La. Sept. 11, 2007); Redford v. Planchard, No. 1:09-MI-0199, 2009 WL 3158175, at *1 (N.D. Ga. Sept. 25, 2009). In light of this apparent disagreement, the Court believes that the most prudent course of action is to address the relevant

adjudicates Mosquera's claims, without raising or deciding the issue of the authority of the magistrate judge to deny the requested IFP status. The Court will rescind the order to pay the filing fee in a separate order.

While incarcerated at the time the complaint was filed, Mosquera has since been released from prison. Dkt. No. 136.

## II. Applicable Law

### A. Section 1983

As relevant here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979). To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

---

claims of Mosquera's complaint in this report and recommendation, obviating the issue of the denial of in forma pauperis status.

**B. Prison Litigation Reform Act**

Under the Prison Litigation Reform Act ("PLRA"), the Court shall – on its own motion or on the motion of a party – dismiss any action filed by a prisoner if the action "fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997(c)(1)-(2). The PLRA applies to suits if the plaintiff was a prisoner at the time that the complaint was filed. Bernal v. Bexar Cty., No. 17-50500, 2018 WL 6575064, at *3 (5th Cir. Dec. 12, 2018) (citing Janes v. Hernandez, 215 F.3d 541 (5th Cir. 2000)). A "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).

The standard for dismissal for "failure to state a claim" under the PLRA is the same as the standard found in FED. R. CIV. P. 12(b)(6). Legate v. Livingston, 822 F.3d 207, 209 (5th Cir. 2016).

**C. Rule 12(b)(6)**

As relevant here, "[d]ismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face' and fails to 'raise a right to relief above the speculative level.'" Nationwide Bi-Weekly Admin., Inc. v. Belo Corp., 512 F.3d 137, 140 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court has further defined the Twombly standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal quotations omitted).

Dismissal, for failing to state a claim upon which relief can be granted, is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

### III. Analysis

In analyzing Mosquera's claims, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

As previously noted, Mosquera's claims can be placed into two groups: (1) as to Hininger, Wainwright, Perez and Briones, it appears that Mosquera is attempting to hold them liable for the actions of their subordinates; and (2) as to Guerra, it appears that Mosquera is attempting to hold him liable for failing to ensure that Mosquera's grievances were properly handled and responded to. Each of these groups will be addressed in turn.

**A. Respondeat Superior**

As to the first group, Mosquera is attempting to hold them responsible for the actions of their subordinates, who allegedly allowed Mosquera to be exposed to the second hand smoke. On its face, Mosquera has failed to state upon which relief can be granted.

"An official cannot be held liable under § 1983 based solely on the theory of respondeat superior." Marquez v. Woody, 440 Fed. App'x. 318, 324-25 (5th Cir. 2011) (unpubl.) (citing City of Canton v. Harris, 489 U.S. 378, 385 (1989)). "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Absent a showing that Hininger, Wainwright, Perez and Briones were personally aware of the secondhand smoke and its impact on Mosquera, he cannot recover against them. Blaylock v. Revell, 67 Fed. App'x. 243 (5th Cir. 2003) (unpubl.) (citing Baskin v. Parker, 602 F.2d 1205, 1207-08 (5th

Cir. 1979)). Mosquera has failed to plead any facts showing that Hininger, Wainwright, Perez and Briones had any knowledge of the secondhand smoke and its effect on him; especially given his admission that he neither spoke nor wrote to any of them. Accordingly, Mosquera has failed to state a claim upon which relief can be granted against Hininger, Wainwright, Perez and Briones and this claim should be dismissed.

### B. Grievances

Mosquera alleges that Guerra – the grievance officer at Willacy – mishandled grievances that Mosquera filed. Dkt. Nos. 1, 23. Again, Mosquera has failed to state a claim upon which relief can be granted.

As to any claims regarding lost, unanswered, or poorly answered grievances, Mosquera does not raise a cognizable constitutional claim. Simply stated, Mosquera "does not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices; thus, the denials of his grievances do not implicate his constitutional rights or give rise to a 42 U.S.C. § 1983 claim." Burgess v. Reddix, 609 Fed. App'x. 211, 212 (5th Cir. 2015) (unpubl.) (citing Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005)).[3]

## IV. Recommendation

All claims made by Rodrigo Mosquera against Defendants Damon Hininger, Dale Wainwright, Orlando Perez, Erica L. Briones, and Jacob Guerra should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Fernando Rodriguez, Jr., United States District Judge. 28 U.S.C. § 636(b)(1).

---

[3] To the extent that Mosquera is alleging that Guerra was aware of the secondhand smoke and failed to protect him from it, the Court has already held that it fails to state a claim upon which relief can be granted. See Dkt. No. 132 (adopting report and recommendation that Mosquera's motion to amend his complaint – to add such a claim – be denied).

Failure to timely file objections shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

      DONE at Brownsville, Texas, on January 31, 2019.

                                            _____
                                            Ronald G. Morgan
                                            United States Magistrate Judge