United States District Court
Southern District of Texas
**ENTERED**

February 21, 2019

David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **RODRIGO MOSQUERA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. B-17-7** |
| | § | |
| **DAMON HININGER, ET AL.,** | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On January 18, 2017, Plaintiff Rodrigo Mosquera filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, against 12 defendants. Dkt. No. 1.  The crux of his claim was that jail officials were knowingly permitting fellow inmates to smoke synthetic marihuana and that the resulting smoke caused Mosquera to suffer from headaches and anxiety. Id.

With no explanation, Mosquera has failed to respond to repeated court orders.  After reviewing the record and the relevant case law, the Court recommends that all claims against Defendants Paul Arguijo, Oscar Mendoza and Santos Lozano be dismissed with prejudice for want of prosecution.[1]

## I. Background

### A. Factual Background

On January 18, 2017, while a state prisoner, Mosquera filed the instant complaint against the 12 defendants. Dkt. No. 1.  Mosquera alleged that he was exposed to secondhand smoke from artificial marijuana (also known as "K2" or "spice"), while incarcerated at the Willacy County State Jail ("Willacy").  Id.  On that same day, Mosquera filed a motion to

---

[1] There are also claims pending against Defendants Michael Sizemore, Fidencio Cacique, John Crenshaw, Francisco Montalvo, Krystal Olivarez,  Damon Hininger, Dale Wainwright, Orlando Perez, Erica L. Briones, and Jacob Guerra. See Dkt. Nos. 175 (Sizemore, Cacique, Crenshaw, Montalvo, Olivarez) & 178 (Hininger, Wainwright, Perez, Briones, and Guerra).  The claims against those defendants are addressed in those Reports and Recommendations.

1

proceed in forma pauperis. Dkt. No. 2.

On January 19, 2017, the Court issued interrogatories for Mosquera to complete, allowing Mosquera to show the factual basis for his claims. Dkt. No. 6 (citing Spears v. McCotter, 766 F.2d 179, 180 (5th Cir. 1985) (allowing requests for additional information)). On March 9, 2017, Mosquera filed his answers to the interrogatories. Dkt. No. 23.

On March 10, 2017, the Court granted the motion to proceed in forma pauperis in part and denied it in part. Dkt. No. 24. As relevant here, the motion to proceed IFP against Mendoza and Lozano was granted. Mendoza works for the "private facility contract monitoring/oversight division" at the Texas Department of Criminal Justice and Lozano is the "onsite contract monitor" for TDCJ at Willacy. Dkt. No. 1.

On May 31, 2017, Mosquera filed a motion to amend his complaint, seeking to add certain claims. Dkt. No. 65. The motion outlined potential claims he wished to file, but did not include a proposed amended complaint. Id. As relevant here, Mosquera sought to add claims against putative defendant Arguijo for being deliberately indifferent to violence perpetrated against Mosquera by other inmates, and for deliberate indifference to Mosquera's serious medical needs as it related to exposure to second hand smoke. Id.

On September 28, 2017, the undersigned issued a report and recommendation, recommending that the motion to amend be granted as to claims made against Arguijo. Dkt. No. 98.

On January 3, 2018, the District Judge adopted the report and recommendation concerning the motion to amend. Dkt. No. 132. The deliberate indifference claim against Arguijo was permitted to move forward. Id.

On January 25, 2018, the Court ordered Mosquera to file a supplement to his complaint – no later than March 2, 2018 – fully setting out his claims against Arguijo. Dkt. No. 140. The Court noted that the supplement would serve as a partial amendment to the complaint. Id. Mosquera was warned that if he failed to timely file the supplement, the Court would consider his claims against Arguijo to have been waived. Id

2

On February 9, 2018, Mosquera signed a certified mail return receipt, indicating that he received a copy of the January 25th order. Dkt. No. 144.  Despite that acknowledgment, Mosquera has not filed the supplement, nor has he requested an extension of time to complete it.

On January 28, 2019, the Court issued an order, noting that Mosquera had not filed the amended complaint against Arguijo, nor had he "taken any action or filed any motion as it relates to his claims against Defendants Oscar Mendoza or Santos Lozano." Dkt. No. 173. Mosquera was ordered to show cause, no later than February 11, 2019, as to why the Court should not dismiss the claims against Arguijo, Mendoza or Lozano for want of prosecution. Id.

To date, Mosquera has not filed a response to the show cause order.  The last document that Mosquera filed with the Court was a motion for an extension of time on January 12, 2018. Dkt. No. 136.

As noted earlier, Mosquera was incarcerated at the time the complaint was filed, but has since been released from prison. Dkt. No. 136.

## II. Applicable Law

### A. Want of Prosecution

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).  Generally, such dismissals are without prejudice.

The statute of limitations, however, may serve to prevent a litigant from re-filing a case after it has been involuntarily dismissed for failure to comply with a court order. "Where further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice." Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992).  Under those circumstances,  a dismissal without prejudice is considered to be a dismissal with prejudice. Id.

3

The Court may not dismiss a case with prejudice under Rule 41(b) unless three elements are met: (1) "a clear record of delay or contumacious conduct" by the plaintiff; (2) a showing that lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed and have been futile; and (3) the presence of an "aggravating factor" which justifies dismissal. Berry, 975 F.2d at 1191.  As to the last element, one of three aggravating factors must be present: either "delay caused by [the] plaintiff himself and not his attorney; actual prejudice to the defendant; or delay caused by intentional conduct." Id.

## III. Analysis

In analyzing Mosquera's claims, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

The Court also notes that Mosquera is aware of his continuing responsibility to update the Court of his address. See Dkt. No. 20 (order informing Mosquera that "pro se litigants are responsible for keeping the District Clerk's Office advised in writing of their current address" and that failure to do so may result in dismissal for want of prosecution, citing Local Rule 83.4).  Furthermore, on four separate occasions, Mosquera has previously informed the Court of changes in his address. Dkt. Nos. 27, 34, 122, 136.  The order to show cause was sent to the last address that Mosquera provided to the Court. See Dkt. No. 174 (show cause order sent to the Salvation Army address identified by Mosquera in Dkt. No. 136).

Thus, the last address provided by Mosquera was clearly the address to which the motions and Court orders were to be sent.  Accordingly, the Court can presume that Mosquera received these documents.  "Proof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed." Quilling v. Schonsky, 247 F. App'x 583, 587 (5th Cir. 2007)

## A. Rule 41(b)

Mosquera's failure to "comply with any order" of the Court supports dismissal of his claims, under Rule 41(b).  On January 25, 2018, Mosquera was ordered to file an amended complaint, outlining his claims against Arguijo. Dkt. No. 140.  Over a year has passed since the Court issued that order and Mosquera has not responded.

As to the claims against Lozano, Mendoza and Arguijo, Mosquera has not filed any motions or otherwise prosecuted his claims against them for over a year.  As previously noted, the last document that Mosquera has filed with the Court was a motion for an extension of time on January 12, 2018. Dkt. No. 136.  A delay of over a year, in prosecuting a case, qualifies as want of prosecution which warrants dismissal under Rule 41(b). See Griggs v. S.G.E. Mgmt., L.L.C., 905 F.3d 835, 845 (5th Cir. 2018) (affirming district court's dismissal for want of prosecution, where plaintiff did not submit to arbitration more than a year after court ordered arbitration).

The Court, however, must still determine if the dismissal should be with or without prejudice.

## B. Nature of the Dismissal

Despite its label, a dismissal without prejudice may amount to a dismissal with prejudice, if the "statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed." Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981) (quoting Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 213 (5th Cir. 1976) (emphasis added)).  Where there is any doubt as to the effect of the dismissal, the higher standard for dismissal with prejudice should be applied. Collins v. Stalder, 236 Fed.Appx. 29, *1 (5th Cir. 2007) (unpubl.) (citing Boazman, 537 F.2d at 212-13).

Mosquera filed his complaint on January 18, 2017, seeking relief from the secondhand smoke. Dkt. No. 1.  At that time, he claimed that he had been exposed to the smoke since December 2015 and had suffered various health aliments as a result. Id.  On March 13, 2017, Mosquera was removed from Willacy and transferred to a different prison. Dkt. No. 27.

5

In Texas, the statute of limitations for § 1983 claims is two years from the date that the cause of action accrues. Piotrowski v. City of Houston, 51 F.3d 512, 514 n. 5 (5th Cir. 1995). The cause of action would have accrued when Mosquera knew of "both the existence of an injury and the cause of the injury." Kingham v. Pham, et al., No. 18-20020, 2019 WL 668607, at *1 (5th Cir. Feb. 18, 2019). Given the facts as pled, the cause of action accrued in December 2015, with the statute of limitations expiring in December 2017. Thus, any dismissal without prejudice would serve as a de facto dismissal with prejudice. For that reason, the Court must determine if such a dismissal is warranted.

As previously noted, a Rule 41(b) dismissal may only be done with prejudice if there is: (1) a clear record of delay by the plaintiff; (2) lesser sanctions have been employed and have been futile; and (3) the presence of an aggravating factor which justifies dismissal with prejudice. Berry, 975 F.2d at 1191. All of these factors weigh in favor of dismissal with prejudice in this case.

### 1. Delay

There is a clear record of delay in this case. Mosquera has not filed any documents with the Court in over a year. The Court informed Mosquera of his duty to keep his address updated and has sent all orders to his last known address. Mosquera has not responded to any orders during this time period, including multiple show cause orders. This failure to respond favors dismissal with prejudice. See Mastronardi v. Wells Fargo Bank, 653 Fed. App'x 356, 358 (5th Cir. 2016) (there is "no abuse of discretion in a Rule 41(b) dismissal with prejudice when a plaintiff provided no explanation for his inaction on a case.") (citing Dillon v. Diamond Offshore Mgmt. Co., 46 Fed. App'x. 227 (5th Cir. 2002)).

### 2. Lesser Sanctions

The Court has employed lesser sanctions in this case to no avail. The Court ordered Mosquera to show cause as to why the claims against Arguijo, Mendoza and Lozano should not be dismissed. Dkt. No. 173. A show cause order which explicitly warns the plaintiff of the consequences of his or her inaction is "a lesser sanction than dismissal." Mastronardi, 653

6

Fed. App'x at 358 (citing Callip v. Harris Cnty. Child Welfare Dep't, 757 F.2d 1513, 1521 (5th Cir. 1985)).  Mosquera did not respond to the show cause order, showing that lesser sanctions have proven futile in this case.

At this point, the Court must consider whether there are any aggravating factors present – beyond the mere existence of the delay and the futility of lesser sanctions – which justify dismissal with prejudice.

### 3. Aggravating Factors

As noted earlier, to warrant dismissal with prejudice, one of three aggravating factors must be present: that the delay was caused by the plaintiff himself and not his attorney; the defendants suffered actual prejudice; or that the delay was caused by intentional conduct. Berry, 975 F.2d at 1191.  At least two of three are present in this case.

Throughout this case, Mosquera has represented himself pro se, so all of the delay is attributable to him.  Furthermore, the defendants have been prejudiced by Mosquera's failures; Arguijo has been left in a state of limbo, where claims have been authorized against him, but there has been no complaint to respond to.  Lozano and Mendoza have been prejudiced by Mosquera's failure to engage in discovery, allowing the case to be drawn out for so long that memories fade and possible exculpatory evidence disappears.[2]  The presence of these aggravating factors supports dismissal with prejudice. Robinson v. Home Depot USA Inc., 478 F. App'x 820, 824 (5th Cir. 2012) (presence of two aggravating factors justified dismissal with prejudice).

---

[2] As to whether the delay was intentional, the Court cannot definitively say whether Mosquera has intentionally chosen to no longer pursue this lawsuit or whether the delay is the result of negligence. See Cherry v. Kroger Texas, L.P., 693 F. App'x 345, 347 (5th Cir. 2017) (noting that "mere negligence" is "a level of culpability that does not warrant dismissal with prejudice" for want of prosecution).  Given that the other two aggravating factors are present in this case, the Court need not resolve this final factor.

### 4. Conclusion

The clear record of delay, the use of lesser sanctions to no avail, and the presence of multiple aggravating factors, all justify dismissal with prejudice in this case. Accordingly, the Court should dismiss the claims against Arguijo, Lozano and Mendoza with prejudice, for want of prosecution.

## IV. Recommendation

All claims made by Rodrigo Mosquera against Defendants Oscar Mendoza, Santos Lozano and Paul Arguijo should be dismissed with prejudice for want of prosecution, pursuant to FED. R. CIV. P. 41(b).

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Fernando Rodriguez, Jr., United States District Judge. 28 U.S.C. § 636(b)(1). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on February 21, 2019.

_____
Ronald G. Morgan
United States Magistrate Judge